## SUPREME COURT.

PETER HYNDS, Junior, agt. WICKHAM GRISWOLD and WICKHAM H. GRISWOLD.

The 160th section of the code does not authorize an application upon motion to strike out every *irrelevant* or *redundant* expression or clause in a pleading; effect must be given to the word "*aggrieved*," in that section. A party must be *aggrieved* or *prejudiced* thereby. (See *White, Receiver, &c.* v. *Kidd, ante,* page 68.)

*It seems,* that it is proper for a defendant to state in his answer any facts which it would be material for him to prove on the trial, though such facts may not constitute a complete defence to the action.

*Albany Special Term, August* 7, 1849.—This action was brought to recover damages for fraudulently concealing, upon the sale of a span of horses by the defendants to the plaintiff, their vicious propensities. The defendants deny that the horses were vicious, or if they were, that they fraudulently concealed that fact from the plaintiff, and then state that they are ready and willing to receive back the horses and return the money paid for them, and on several occasions before the commencement of this suit had offered to do so, and that they had also offered to pay the plaintiff for all his trouble and time in making the purchase and otherwise, but the plaintiff had wholly refused to accede to their offer. These statements were alleged by the plaintiff to be irrelevant and redundant and a motion was made to strike them out on that account.

J. H. RAMSAY, *for plaintiff.*

J. K. PORTER *for defendants.*

HARRIS, Justice.—I am inclined to think it proper for a defendant to state in his answer any facts which it would be material for him to prove on the trial, though such facts may not constitute a complete defence to the action. Anything which it would be material to prove upon the trial, ought not, I think, to be deemed irrelevant when stated in the answer. The plaintiff ought not to complain that the defendant has apprized him of facts upon which he intends to rely in mitigation of damages, if not in defence, upon the trial.

But conceding the matter to be *irrelevant* or redundant it does not necessarily follow that the motion to strike it out should be granted. I apprehend it was not the intention of the Legislature in adopting the 160th section of the code to authorize an application upon motion, to strike out every irrelevant or redundant expression or clause which might be found in a pleading. On the contrary, effect must be given to the word " *aggrieved*," as used in that section. The matter must not only be irrelevant or redundant, but some party must be aggrieved or prejudiced thereby. Such a person only is authorized to make the motion. It is not pretended in this case that the plaintiff will be in any respect prejudiced, by allowing the irrelevant matter, if indeed it be irrelevant, to remain in the answer. The motion must therefore be denied, but as a new question is presented by the motion, it should be denied without costs.